OPINION
{¶ 1} David A. Capone is appealing a judgment of the Montgomery County Common Pleas Court denying his application to seal his criminal record pursuant to R.C. 2953.52. On December 16, 2002, Capone was charged by way of indictment with eight counts of unlawful sexual conduct with a minor and two counts of corrupting a juvenile with drugs. On March 10, 2003, Capone was charged by way of a bill of information with an additional two counts of sale of intoxicating liquor to an underage person, an unclassified misdemeanor, filed under the same case number. That same day, Capone entered guilty pleas to the unclassified misdemeanors and, in exchange, the State entered a nolle prosequi as to the remaining charges contained in the indictment. Thereafter, Capone was sentenced to a term of two years probation.
 {¶ 2} Capone filed a motion for expungement on July 22, 2003. The trial court denied Capone's motion without a hearing. Capone now appeals that ruling, asserting one assignment of error.
 {¶ 3} "The Trial Court Abused it's [sic] Discretion by Denying Appellant's Application to Seal the Official Record[.]"
 {¶ 4} In his only assignment of error, Capone argues that the trial court abused its discretion by failing to seal his record under R.C. 2953.52. Specifically, Capone argues that the trial court based its decision upon the "erroneous" findings of fact and law that the criminal charges at issue were still pending in the case.
 {¶ 5} R.C. 2953.52(A)(1) provides that any person who is found not guilty of an offense, or against whom the charges are dismissed, may apply for an order to seal the applicant's official records in the case. Upon the filing of such a request, R.C. 2953.52(B)(2) requires the trial court to: (1) determine whether the applicant was found not guilty or whether the complaint, indictment, or information was dismissed; (2) determine whether there are pending criminal proceedings against the applicant; and (3) consider any objections filed by the prosecutor in response to the motion to seal. Ultimately, the trial court must weigh the interest of sealing the applicant's records against the legitimate need of the government to maintain those records. R.C. 2953.52(B)(2)(d).
 {¶ 6} Furthermore, expungement is limited in certain circumstances. Under R.C. 2953.61, "[w]hen a person is charged with two or more offenses as a result of or in connection with the same act and at least one of the charges has a final disposition that is different than the final disposition of the other charges, the person may not apply to the court for the sealing of his record in any of the cases until such time as he would be able to apply to the court and have all of the records in all of the cases pertaining to those charges sealed pursuant to divisions (A)(1) and (2) of section 2953.32 and divisions (A)(1) and (2) of section 2953.52 of the Revised Code."
 {¶ 7} The determination not to seal an applicant's record is a matter lying within the sound discretion of the trial court.State v. Haney (1991), 70 Ohio App.3d 135, 138, 590 N.E.2d 445;State v. Widder, 146 Ohio App.3d 445, 2001-Ohio-1521, at ¶ 6,766 N.E.2d 1018. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Id., citing Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219, 450 N.E.2d 1140.
 {¶ 8} In this case, there is no dispute that the charges as contained within the indictment against Capone were nollied by the state. However, Capone pled guilty to the charges as contained in the bill of information. Because the indictment and the bill of information fall under the same case number, stemming from the same set of facts and events, the nolle of the charges under the indictment alone did not dismiss the case. R.C.2953.61(A). Hence, because Capone's case was not dismissed, his records could not be expunged. Therefore, under R.C. 2953.61, Capone's records could not be sealed because all of the charges in the case did not qualify to be sealed.
 {¶ 9} Additionally, we note that although the judicial power to grant an expungement request still exists, we do not view this case to be one where the accused has been acquitted or exonerated in some way and protection of the accused's privacy interest is paramount to prevent injustice. See In Re Application to SealRecord of No Bill (1999), 131 Ohio App.3d 399, 404,722 N.E.2d 602, ("`It is not enough merely for defendant to have been acquitted. Judicial expungement is an exceptional remedy to be employed where the equities of the situation demand it.' [Citations omitted.]")
 {¶ 10} For the above-mentioned reasons, we overrule Capone's assignment of error.
 {¶ 11} The judgment of the trial court is affirmed.
Brogan, J. and Wolff, J., concur.