[Cite as *State v. Myers*, 2016-Ohio-4893.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2015-CA-88 |
| | : | |
| v. | : | Trial Court Case No. 2014-CR-484 |
| | : | |
| KIRK MYERS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of July, 2016.

. . . . . . . . . .

MEGAN M. FARLEY, Atty. Reg. No. 0088515, Assistant Clark County Prosecuting Attorney, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

KATHERINE R. ROSS-KINZIE, Atty. Reg. No. 0089762, Assistant State Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Kirk Myers, appeals from the decision of the Clark County Court of Common Pleas denying his application to seal his arrest record, which charged him with two counts of gross sexual imposition of a person less than 12 years of age. Specifically, Myers contends the trial court abused its discretion in finding that Myers's interest in having his arrest record sealed did not outweigh the State's legitimate government need in maintaining the arrest record. For the reasons outlined below, the judgment of the trial court will be affirmed.

{¶ 2} On July 28, 2014, Myers was indicted for two counts of gross sexual imposition of a person less than 12 years of age in violation of R.C. 2907.05(B). The charges stemmed from allegations that between June 15, 2014 and June 17, 2014, Myers knowingly touched the vaginal area of the minor victim, while exposing and gratifying himself sexually. Myers entered a plea of not guilty by reason of insanity and raised the issue of his competency to stand trial.

{¶ 3} Following Myers's plea, the trial court held a competency hearing on September 26, 2014, where based on a psychological evaluation report, the trial court determined that Myers was not competent to stand trial, but that his competence was restorable. Accordingly, the trial court ordered Myers to attend Summit Behavioral Healthcare in an attempt to restore his competence.

{¶ 4} Eight months later, on June 19, 2015, the trial court held a second competency hearing after Myers's competency was re-evaluated. At the hearing, the trial court found, based on a psychological re-evaluation report, that Myers was still not competent to stand trial and was not restorable within the time allowed for by law. As a

result, the gross sexual imposition charges against Myers were dismissed on the State's motion by an entry dated June 30, 2015.

{¶ 5} The day after the dismissal, Myers filed an application to seal his arrest record pursuant to R.C. 2953.52. In response, the State filed a memorandum opposing the application. On August 28, 2015, the matter then proceeded to a hearing before the trial court, which was continued for further proceedings on September 4, 2015.

{¶ 6} At the hearing, Myers offered testimony from three individuals: (1) Renee L. Sheets, a friend whom Myers was temporarily residing with at the time of the hearing; (2) attorney Lawrence Hofbauer, Myers's special needs trustee; and (3) Officer Matt Haytas of the Springfield Metropolitan Housing Authority (SMHA). In addition to this testimony, Myers offered his psychological re-evaluation report, which the trial court admitted into evidence. The State presented no testimony at the hearing, but offered the criminal charges filed against Myers in this matter and the allegations contained in the arrest report. The trial court trial court admitted this evidence over Myers's objection.

{¶ 7} The testimony and evidence presented at the hearing indicate that 40-year-old Myers has an I.Q. of 59 and has a "mild intellectual disability." Myers has no living family members other than a brother who financially exploited him and was incarcerated as a result. Myers, however, has maintained a seven-year relationship with his girlfriend, the current status of which is not disclosed in the record. While Myers does not meet the criteria to qualify for developmental disability services, he does receive approximately $700 in social security disability benefits per month, as well as food stamps. In addition, Myers has a special needs trust in the amount of $9,300, which is managed by Hofbauer, his trustee.

{¶ 8} Sometime after the gross sexual imposition charges were filed, Myers applied for government assisted housing through SMHA. Myers, however, was denied government housing as a result of his arrest record showing charges for sexual offenses. Officer Haytas testified that even without a conviction, applicants arrested for sexual offenses face a high percentage of denial for government housing. Haytas further testified that upon any appeal of Myers's government housing denial, he would be in the position to tell the hearing board about Myers's arrest regardless of whether or not the record is sealed.

{¶ 9} Trustee Hofbauer testified that Myers is not prohibited from using his social security benefits for housing on the regular market and that the use of Myers's social security benefits does not affect his ability to use money from his special needs trust. According to Hofbauer, Myers would first have to use his social security benefits toward rent, and if the benefits are depleted, Myers could then supplement his rent with his special needs trust. Hofbauer also testified that Myers's special needs trust will last him approximately two more years.

{¶ 10} At the close of the hearing, Myers contended that his arrest record should be sealed because it prevents him from obtaining government assisted housing, possible employment, and general societal acceptance. The State countered that argument by claiming that since the gross sexual imposition charges against Myers were not dismissed on their merits, but due to Myers's lack of competency to stand trial, the government has a legitimate need to maintain the arrest record to keep the matter transparent so that the government remains aware of Myers's charges in the event he engages in similar conduct in the future. Immediately after each side made their arguments, the trial court agreed

with the State and stated the following:

> I have considered the competing interests, and the Court finds that the defendant's interests in having the records pertaining to the case sealed are far outweighed by the State's legitimate governmental interest in maintaining the records, so I'll overrule the application.

Continuation of Application to Seal Record Hearing Trans. (Sept. 4, 2015), p. 22.

{¶ 11} The trial court reiterated the aforementioned finding and denied Myers's application to seal his arrest record in a journal entry dated September 8, 2015. Myers now appeals from that decision, raising the following single assignment of error for our review:

> THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED KIRK MYERS['S] APPLICATION TO SEAL HIS RECORD UNDER R.C. 2953.52.

{¶ 12} As noted above, Myers's application to seal his arrest record was filed in accordance with R.C. 2953.52. Pursuant to section (A)(1) of that statute, "[a]ny person who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal the person's official records in the case." R.C. 2953.52(A)(1). Once an application to seal has been filed, the trial court must: "(1) determine whether the applicant was found not guilty or whether the complaint, indictment, or information was dismissed; (2) determine whether there are pending criminal proceedings against the applicant; and (3) consider any objections filed by the prosecutor in response to the motion to seal." *State v. Capone*, 2d Dist. Montgomery No. 20134, 2004-Ohio-4679, ¶ 5, citing R.C. 2953.52(B)(2). The trial court must also "weigh the interest of sealing the applicant's

records against the legitimate need of the government to maintain those records." *Id.*, citing R.C. 2953.52(B)(2)(d).

{¶ 13} "The sealing of a criminal record is an 'act of grace created by the state.' " *State v. D.L.*, 2d Dist. Montgomery No. 26394, 2015-Ohio-1664, ¶ 8, quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639, 665 N.E.2d 669 (1996). An appellate court reviews a trial court's decision to grant or deny an application to seal records for an abuse of discretion. *Capone* at ¶ 7. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. (Citation omitted.) *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *Id.* "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.*

{¶ 14} In this case, it is undisputed that the gross sexual imposition charges against Myers were dismissed and that there were no other criminal proceedings pending against him. Therefore, the only issue before the court is whether the State had a legitimate need to maintain Myers's arrest record and whether that need outweighed Myers's interest in having the record sealed.

{¶ 15} Myers initially claims that the trial court failed to specifically indicate what legitimate need of the government outweighed his asserted interests in having his arrest record sealed, i.e., obtaining government housing, possible employment, and general societal acceptance. However, immediately prior to the trial court's decision, the State explained that it had a legitimate interest in maintaining the transparency of the arrest

record at issue given that Myers's gross sexual imposition charges were not dismissed on their merits or due to lack of evidence, but due to his lack of competency to stand trial. Because of this, the State professed that it was concerned with government awareness of the charges and the protection of the public in the event Myers engaged in similar conduct in the future. Immediately after the parties asserted their respective interests at the application to seal hearing, the trial court stated that it had considered the parties' competing interests and that it believed the State's interests were greater than Myers's. Although the trial court did not recite the State's interests when it announced its decision, it is clear from the record that the trial court was referring to the interests argued by the State immediately prior to its decision overruling Myers's application to seal his arrest record.

{¶ 16} That said, we are now left with the question of whether the trial court abused its discretion in finding that the State's legitimate government need in maintaining the arrest record outweighed Myers's interests in having his arrest record sealed. After a thorough review of the record, we find it did not. Given the nature of the charges and the reason for their dismissal, it was not unreasonable for the trial court to put transparency and the government's awareness of the charges before Myers's personal interests given that the charges were not dismissed due to lack of evidence or merit. While Myers was not convicted of the sexual offenses at issue, there is still a reasonable concern that Myers could, in the future, engage in the type of conduct he was charged with since there was probable cause to believe he committed the charged offenses and the charged offenses were not dismissed on the merits. Accordingly, it was not unreasonable for the trial court to find that the government's awareness of the charges outweighs Myers's financial

situation, as such awareness promotes the government's interests in protecting the public.

{¶ 17} Moreover, without the record being sealed, Myers still has the benefit of receiving government assistance in the form of social security disability benefits and food stamps. Myers also has a special needs trust which he can live on for a period of time. There is also nothing in the record indicating that Myers has been turned away from regular housing, that he is unemployable as a result of his disability, or that he has been denied employment since his arrest. Regardless of whether this court might have ruled differently, having reviewed the matter, we are unable to conclude that the trial court abused its discretion in denying Myers's application.

{¶ 18} Myers's sole assignment of error is overruled and the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies mailed to:

Megan M. Farley
Katherine R. Ross-Kinzie
Hon. Douglas M. Rastatter