[Cite as *State v. Harrison*, 2018-Ohio-1724.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.: 27591 |
| | : | |
| v. | : | T.C. NO.: 2003-CR-4725 |
| | : | |
| TODD D. HARRISON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 4th day of May, 2018.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ALICE PETERS, Atty. Reg. No. 93945, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee


TODD D. HARRISON, 718 Heck Avenue, Dayton, Ohio 45417
        Defendant-Appellant, Pro Se

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1}  This matter is before the Court on the May 18, 2017 pro se Notice of Appeal

of Todd Harrison. Harrison appeals from the May 4, 2017 "Entry Denying Sealing of Records after Not Guilty Finding, Dismissal of Proceedings, or No Bill (O.R.C. 2953.552(A)(B))." We hereby affirm the judgment of the trial court.

{¶ 2} On February 12, 2004, Harrison was indicted in the Montgomery County Common Pleas Court on one count of having weapons while under disability, in violation of R.C. 2903.11(A)(2), and one count of felonious assault, in violation of R.C. 2923.13(A)(2), in Case No. 2003 CR 4725. The indictment provides that the offenses occurred on or about December 25, 2003. Harrison pled not guilty on February 17, 2004. Following a jury trial, Harrison was found not guilty of both offenses on July 16, 2004.

{¶ 3} On April 7, 2017, Harrison filed a pro se "Application for Sealing of Record, after Not Guilty Finding, Dismiss[al] of Proceedings or No True Bill." His application was limited to his acquittal for felonious assault. Prior to a hearing on his application, on May 2, 2017, Harrison filed a lengthy pro se "Motion in Opposition and to Objected to the Courts [sic] Judgment Entry Denying the Sealing of a 2003 Felonious Assault Mr. Harrison was Exonerated by a Jury and in Accordance to Ohio Law the Sealing of Record after Not Guilty Pursuant to O.R.C. 2953.52(B)(2) Denial by the Court is Flawed and Decided in Error of Law and Theory." Attached to the Motion in part is correspondence to Harrison, dated April 5, 2017, on "Lyons Gate Apartments" letterhead, denying Harrison's application for a lease due to a "criminal record match." Also on May 2, 2017, Harrison filed a pro se "Reconsideration on Application to Sealing the Arrest Record & the Charge of Felonious Assault, after being Acquitted by a Jury Rendering a Not Guilty Verdict," with a supporting memorandum.

{¶ 4} At the May 3, 2017 hearing on Harrison's application, the court indicated that

it considered what it characterized as "premature" filings of May 2, 2017. The court then confirmed that the State did not file written objections to Harrison's application to seal the record, and the prosecutor responded, "[w]e only received notice of this this [sic] morning or close to this afternoon and did not have time to file written objections. We would, for the record, object due to the defendant's criminal history." Harrison responded that any objections by the State should be "in writing." The court allowed the oral objection, noting, "[t]here was a mistake made by my case management that did not get this on the docket in a timely fashion. Notice went out but it wasn't on the docket for the prosecution to see."

{¶ 5} The court indicated that "there does appear to be a government need to maintain the record of not guilty." The court concluded as follows:

I have found that you incurred two counts of felonious assault, which were ignored by the grand jury, back in October of 2014. You also have a criminal history which contains the following convictions - - aggravated trafficking in '89, 89CR3137; felonious assault, a felony of the first degree in Hamilton County; a failure to comply with signal or order of a police officer, felony of the third degree; illegal possession of firearms in a liquor permit premises, a felony of the fifth degree; tampering with evidence, a felony of the fifth degree.

And due to your consistent criminal history, this record of not guilty, I believe, should be maintained for potential future involvement with law enforcement.

{¶ 6} Harrison asserted that he has been denied public housing. When asked by

the court if he was previously convicted as the court just indicated, Harrison responded, "I have no recollection at this time." He asserted that he met the "criteria" pursuant to R.C. 2953.52. Harrison asserted that "my housing situation outweighs the manifest weight for the government to even maintain that record and it still, to this day, has been held against me and that's a discriminatory act under the doctrine of the Discriminatorial (sic) Act." Harrison argued, "I've been maintaining and staying out of trouble for well over 13 years without any incident," and "because I was mistakenly misidentified, I was clear of those charges." The court again inquired "whether or not those charges that I read to you were convictions. Were you convicted of those offenses or has it been some sort of mistake?" Harrison responded, "I mean - - I - - it could be sort of a mistake. I don't recollect because I take medication, Your Honor, and I have a disability." The court concluded that Harrison was convicted of the offenses the court recited on the record.

{¶ 7} The court's written decision provides as follows:

The Court has determined whether the applicant was found not guilty, or the complaint, indictment, or information in the case was dismissed; or a no bill was returned in the case; whether criminal proceedings are pending against the applicant at the present time; and whether the interest of the applicant in having the records pertaining to the case sealed are not outweighed by the government's need to maintain these records, and whether, in the case of a no bill, the application was filed in a timely manner.

The Court has determined that the applicant does not meet the criteria according to O.R.C. 2953.52(B)(2). THEREFORE, the Court finds

that the application is DENIED for the following reasons:

There does appear to be a governmental need to maintain the record of Not Guilty. Due to his consistent criminal history, this record of Not Guilty should be maintained for potential future involvement with law enforcement.

{¶ 8} On May 11, 2017, Harrison filed a pro se "Motion to Object to the Courts [sic] Judgment Entry Denying the Sealing of Record after, Not Guilty Pursuant to O.R.C. 2953.52 (A)(1)&(B)(2)." The court did not address the motion.

{¶ 9} Harrison's brief contains 12 assignments of error. Each of his last two assignments of error are enumerated "Eleventh Assignment of Error." We will consider his final assignment of error to be his twelfth assignment of error, and we will consider the assigned errors out of order for ease of analysis.

{¶ 10} In his tenth, eleventh, and twelfth assignments of error, Harrison asserts that the trial court erred and abused its discretion in denying his application to seal the records.

{¶ 11} As noted by the Supreme Court of Ohio:

The right of public access, as examined in the context of a criminal proceeding, serves several lofty goals. First, a crime is a public wrong, and the interest of the community to observe the administration of justice in such an instance is compelling. Harrison, How Open is Open? The Development of the Public Access Doctrine under State Open Courts Provisions (1992), 60 U.Cin.L.Rev. 1307, 1322. Also, the general right of public access promotes respect for and an understanding of the legal system and thus

enables the public to engage in an informed discussion of the governmental process. Bechamps, Sealed Out–of–Court Settlements: When Does the Public Have a Right to Know? (1990), 66 Notre Dame L.Rev. 117, 127. The right, however, is not absolute. "No one has a right to any particular degree of openness or secrecy, except as provided by law." *State ex rel. Beacon Journal Publishing Co. v. Waters* (1993), 67 Ohio St.3d 321, 324, 617 N.E.2d 1110. We have further held that it is a proper role of the General Assembly to balance competing private and public rights. *State ex rel. Toledo Blade Co. v. Univ. of Toledo Found.* (1992), 65 Ohio St.3d 258, 266, 602 N.E.2d 1159. The General Assembly has done so in R.C. 2953.52.

*State ex rel. Cincinnati Enquirer v. Winkler*, 101 Ohio St.3d 382, 2004-Ohio-1581, 805 N.E.2d 1094, ¶ 9.

{¶ 12} R.C. 2953.52(A)(1) provides:

Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal the person's official records in the case. Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the finding of not guilty or the dismissal of the complaint, indictment, or information is entered upon the minutes of the court or the journal, whichever entry occurs first.

{¶ 13} R.C. 2953.52(B)(1) and (2) provide:

(1) Upon the filing of an application pursuant to division (A) of this section, the court shall set a date for a hearing and shall notify the

prosecutor in the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons the prosecutor believes justify a denial of the application.

(2) The court shall do each of the following, except as provided in division (B)(3) of this section:

(a)(i) Determine whether the person was found not guilty in the case, or the complaint, indictment, or information in the case was dismissed, or a no bill was returned in the case and a period of two years or a longer period as required by section 2953.61 of the Revised Code has expired from the date of the report to the court of that no bill by the foreperson or deputy foreperson of the grand jury;

(ii) If the complaint, indictment, or information in the case was dismissed, determine whether it was dismissed with prejudice or without prejudice and, if it was dismissed without prejudice, determine whether the relevant statute of limitations has expired;

(b) Determine whether criminal proceedings are pending against the person;

(c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(d) Weigh the interests of the person in having the official records

pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records.

**{¶ 14}** "The defendant's right to privacy takes into account the public policy of providing a second chance to criminal defendants who have been found not guilty." *Winkler*, ¶ 10. It is the applicant's burden to "demonstrate that his interest in having the records sealed are equal to or greater than the government's interest in maintaining those records." *State v. Newton*, 10th Dist. Franklin Nos. 01AP-1443, 01AP-1444, 2002-Ohio-5008, ¶ 9. The "mere fact of an acquittal does not require the sealing of records." *Id.* The "trial court is not to tip the balance in favor of the government when it is weighing the parties' relative interests. The court is to approach the parties' interests initially from an equal basis." *State v. Sheibenberger,* 115 Ohio App.3d 529, 685 N.E.2d 841 (2d Dist. 1996).

**{¶ 15}** As this Court has previously noted:

"The sealing of a criminal record is an 'act of grace created by the state.' " *State v. D.L.,* 2d Dist. Montgomery No. 26394, 2015–Ohio–1664, ¶ 8, quoting *State v. Hamilton,* 75 Ohio St.3d 636, 639, 665 N.E.2d 669 (1996). An appellate court reviews a trial court's decision to grant or deny an application to seal records for an abuse of discretion. [*State v.*] *Capone* [,2d Dist. Montgomery No. 20134, 2004-Ohio-4679,] at ¶ 7. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. (Citation omitted.) *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "It is to be expected that most instances of abuse of

discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *Id.* "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.*

State v. Myers, 2d Dist. Clark No. 2015-CA-88, 2016-Ohio-4893, ¶13.

**{¶ 16}** As this Court has further noted, "the mere fact that we might have exercised that discretion differently, to arrive at a different result, is immaterial." *State v. Webb*, 2d Dist. Montgomery No. 24866, 2012-Ohio-2962, ¶ 14.

**{¶ 17}** Since it is undisputed that Harrison was found not guilty of felonious assault, and since there were no pending charges against him at the time of the hearing, the sole issue before the trial court was whether Harrison's interest in having the record sealed was outweighed by the legitimate governmental need to maintain the records. We conclude that nothing in the record suggests that the court acted unreasonably in denying Harrison's application.

**{¶ 18}** As the State notes, the correspondence addressed to Harrison regarding the denial of his housing application "does not state what specifically in Harrison's criminal record prevented his application from being approved." We agree with the State that given Harrison's extensive, felonious criminal history (which Harrison appears not to recall), "it is unlikely that this record of acquittal was what was preventing him from obtaining public housing." We conclude that Harrison has not demonstrated actual harm from his acquittal, and that his argument is somewhat speculative. We further conclude, as the State asserts, that it "was not unreasonable for the trial court to put transparency and the government's awareness of the charges above Harrison's personal interests."

In the absence of a showing that appellant's interest in having his criminal record sealed was equal to or greater than the government's interest in maintaining such records, we cannot say that the trial court abused its discretion in denying Harrison's application. Since these three assignments of error lack merit, they are overruled.

{¶ 19} In his ninth assignment of error, Harrison asserts that the trial court erred by allowing the prosecutor to verbally object to his application at the hearing, and that he was denied reasonable notice of the objection. We conclude that any error is harmless. Pursuant to the plain language of R.C. 2953.52(B)(1), the "prosecutor *may* object to the granting of the application by filing an objection with the court prior to the date set for the hearing." In the absence of a written objection to an application, the "trial court still must weigh the interests of the applicant against the legitimate needs, if any, of the government to maintain the records." *State v. Crews*, 179 Ohio App.3d 521, 2008-Ohio-6230, 902 N.E.2d 566, ¶ 26 (2d Dist.).

{¶ 20} Crim. R. 52(A) provides: "Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." As noted by the Supreme Court of Ohio:

> " * * * Under the harmless-error standard of review, 'the *government* bears the burden of demonstrating that the error did not affect the substantial rights of the defendant.' (Emphasis sic.)" *State v. Harris*, 142 Ohio St.3d 211, 2015-Ohio-166, 28 N.E.3d 1256, ¶ 36, quoting *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, ¶ 15. (Other citation omitted.)
>
> "In most cases, in order to be viewed as 'affecting substantial rights,'

' "the error must have been *prejudicial*." (Emphasis added.)' " *Id.*, quoting *State v. Fisher*, 99 Ohio St.3d 127, 2003-Ohio-2761, 789 N.E.2d 222, ¶ 7. (Other citation omitted.) "Accordingly, Crim.R. 52(A) asks whether the rights affected are 'substantial' and, if so, whether a defendant has suffered any prejudice as a result." (Citation omitted.) *Id.*

*State v. Sibrian*, 2d Dist. Montgomery No. 27041, 2017-Ohio-2613, ¶ 54-55.

**{¶ 21}** The "harmless-error rule, was created in essence to forgive technical mistakes." *State v. Morris*, 141 Ohio St.3d 399, 2014-Ohio-5052, 24 N.E.3d 1153, ¶ 24.

**{¶ 22}** The trial court indicated that the court's staff erred in not timely docketing Harrison's motion. The court further indicated that it considered Harrison's application, as well as his "premature" and lengthy submissions filed ahead of the hearing. The trial court itself was aware of Harrison's extensive criminal history at the time of the hearing and based its decision upon its evaluation thereof. In other words, prejudice is not demonstrated. Since any error by the trial court was harmless, Harrison's ninth assignment of error is overruled.

**{¶ 23}** In his first, seventh, and eighth assignments of error, Harrison argues that the trial court exhibited bias against him because the same judge presided over a 2009 traffic case of Harrison's in Kettering Municipal Court. Harrison argues that the trial court judge "should have disqualified himself [due] to this past conflict," and that "self-disqualification was warranted."

**{¶ 24}** The State responds that as "an initial matter, Harrison failed to seek disqualification of the trial court judge in the Ohio Supreme Court or raise this issue before the trial court." According to the State, although Harrison provided documentation in his

brief supporting his claim that the judge who presided over his application also presided over his misdemeanor case in Kettering Municipal Court, "there is no evidence to support his contention that the trial court judge remembered him or acted in a biased manner towards him in this case." Further, the State asserts that "there is absolutely nothing, other than Harrison's baseless accusations, to suggest that the trial court judge was racist or acted in a racially biased manner towards Harrison."

{¶ 25} As the State asserts, "a party's disagreement or dissatisfaction with a court's rulings of law, without more, does not demonstrate bias or prejudice." *In re Disqualification of Hurley*, 113 Ohio St.3d 1228, 2006-Ohio-7229, 863 N.E.2d 630, ¶ 4. Harrison has not demonstrated that he was prejudiced by the judge's prior involvement in his Kettering Municipal Court case. Moreover, the Supreme Court of Ohio "has exclusive jurisdiction to determine a claim that a common pleas judge is biased or prejudiced." *In re Miller*, 2d Dist. Montgomery No. 17592, 1999 WL 960975, * 1 (July 16, 1999). If Harrison was concerned about the trial court's objectivity, he should have brought a challenge pursuant to the procedure set forth in R.C. 2701.03. Harrison's first, seventh and eighth assignments of error are overruled.

{¶ 26} Finally, we will review Harrison's remaining assignments of error. We initially note that App.R. 16(A)(3) requires an appellate brief to include, in part, a "statement of the assignments of error presented for review, *with reference to the place in the record where each error is reflected*." (Emphasis added.) Each of Harrison's remaining assignments of error fail due to his failure to comply with App.R. 16(A)(3). For example, Harrison's second assignment of error provides: "Holding [] citizens/consumers to outdated information thats [sic] over the (7) or (10) years and (1) day **Consumer**

**Protection Clause/Act**." We note that elsewhere in his brief, Harrison further refers to "his objections based on the Right under the Fair Credit Reporting Act on reporting outdated negative information that are over the (7) or (10) years statute." The "Fair Credit Reporting Act ('FCRA') * * *, codified at Section 1681 et seq., Title 15, U.S. Code, was enacted to protect 'consumers from inaccurate information in consumer reports * * *.' " *Hall v. CFIC Home Mtg.*, 175 Ohio App.3d 587, 2008-Ohio-1016, 888 N.E.2d 469, ¶ 22 (12th Dist.). To the extent that Harrison may be referring to the FCRA's prohibition against consumer reporting agencies issuing consumer reports containing certain information that antedates the reports by more than seven or ten years, *see* 15 U.S.C. §1681c, the FCRA does not apply to Harrison's application, and R.C. 2953.52 does not place temporal limits on the criminal history that a trial court may consider in ruling on an R.C. 2953.52 application. Harrison's second assignment of error is overruled.

**{¶ 27}** Harrison's third assignment of error provides: "Rights, Rules, Law & Procedural Violations Against Appellant Harrison Due Process, Redress, & Equal Protection of Law entitled rights that against Title **18 U.S. Deprivation of Rights under the Color of Law**." Title 18 of the United States Criminal Code does not apply to Harrison's application. Accordingly, his third assignment of error is overruled.

**{¶ 28}** Harrison's fourth and fifth assignments of error appear related. His fourth assignment of error provides: "**Ex part[e] Communication** initiated by Judge Dennis J. Adkins and/or his court[']s staff in providing Barbara P. Gorman and/or her court staff with the exact same copy of his deny entry and order, with the exception of only changing the date and case no[.] was the only difference." Harrison's fifth assignment of error provides: "**Judge Adkins Interfering with a pending court** proceedings." Harrison's

arguments are not supported by the record and are accordingly not properly before us. His fourth and fifth assignments of error are accordingly overruled.

**{¶ 29}** Finally, Harrison's sixth assignment of error provides: "**Violations of Ohio & Federal Codes of Procedures, Criminal & Civil has affected Appellant[']s substantive right**." As noted above, we have addressed the sole issue before the trial court, namely whether Harrison's interest in having the record sealed was outweighed by the legitimate governmental need to maintain the records. This vague assignment of error fails to advance a meritorious argument, and it is overruled. Having overruled Harrison's assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies mailed to:

Alice Peters
Todd Harrison
Hon. Dennis J. Adkins