[Cite as *State v. Christen*, 2021-Ohio-1647.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-200158 |
| | | C-200159 |
| Plaintiff-Appellee, | : | TRIAL NOS. 18TRC-59A |
| | | 18TRC-59B |
| vs. | : | |
| KIMBERLY CHRISTEN, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  May 12, 2021


*Andrew W. Garth*, Interim City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Jon Vogt,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Suhre & Associates, LLC*, and *Joseph B. Suhre IV,* for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1}    Kimberly Christen appeals the trial court's denial of her application to seal the records of her conviction for reckless operation and the dismissed charge of operating a motor vehicle with a prohibited blood alcohol level ("OVI"), and a traffic-light violation.  Christen argues, in a single assignment of error, that the trial court erred in concluding that R.C. 2953.61(B)(1) did not explicitly allow her reckless-operation conviction to be sealed and in determining her dismissed OVI charge could not be sealed.  We agree.  For the following reasons, we reverse the judgment of the trial court and remand the matter to the trial court to seal the records of her conviction and dismissed OVI charge.

## Factual Background

{¶2}    Kimberly Christen was charged with operating a motor vehicle while impaired, operating a motor vehicle with a prohibited blood-alcohol level, and a traffic light violation.  Christen pled guilty to an amended charge of reckless operation, a fourth-degree misdemeanor under Cincinnati Municipal Code 506-6, and the remaining charges were dismissed.  The municipal code section is substantially similar to R.C. 4511.20, the state reckless-operation statute.

{¶3}    Christen filed an application to seal the record of the conviction and dismissed charges.  The trial court determined that she was an eligible offender, but the reckless-operation conviction could not be sealed under R.C. 2953.36(A)(2) which states:

(A) Except as otherwise provided in division (B) of this section, sections 2953.31 to 2953.35 of the Revised Code do not apply to any of the following:

2

(2) Convictions under section 2907.02, 2907.03, 2907.04, 2907.05, 2907.06, 2907.321, 2907.322, or 2907.323, former section 2907.12, or Chapter 4506., 4507., 4510., 4511., or 4549. of the Revised Code, or a conviction for a violation of a municipal ordinance that is substantially similar to any section contained in any of those chapters, except as otherwise provided in section 2953.61 of the Revised Code.

{¶4} The trial court also found that R.C. 2953.61 did not contain an exception to R.C. 2953.36(A)(2) to allow the sealing of the reckless-operation conviction. R.C. 2953.61(B)(1) provides, in relevant part:

(B)(1) When a person is charged with two or more offenses as a result of or in connection with the same act and the final disposition of one, and only one, of the charges is a conviction under any section of Chapter 4507., 4510., 4511., or 4549., other than section 4511.19 or 4511.194 of the Revised Code, or under a municipal ordinance that is substantially similar to any section other than section 4511.19 or 4511.194 of the Revised Code contained in any of those chapters, and if the records pertaining to all the other charges would be eligible for sealing under section 2953.52 of the Revised Code in the absence of that conviction, the court may order that the records pertaining to all the charges be sealed. In such a case, the court shall not order that only a portion of the records be sealed.

{¶5} Although the trial court concluded that the conviction was ineligible for sealing, the court determined that Christen's interest in having the conviction sealed outweighed the state's need to maintain the records.

{¶6} After making this finding, the court analyzed whether her dismissed charges were eligible to be sealed. The court determined that the dismissed traffic-light violation could be sealed, but the dismissed OVI charge was ineligible. Accordingly, the trial court sealed the records of the dismissed traffic-light violation.

## Law and Analysis

{¶7} In her sole assignment of error, Christen argues that the trial court erred in denying her application to seal her record. Because the error involves the interpretation and application of statutes, we review the judgment de novo. *State v. Ushery*, 1st Dist. Hamilton No. C-120515, 2013-Ohio-2509, ¶ 6.

{¶8} R.C. 2953.32(A)(1)(c) provides, in relevant part, that "(e)xcept as provided in section 2953.61 of the Revised Code, an eligible offender may apply to the sentencing court * * * for the sealing of the record of the case that pertains to the conviction * * * [a]t the expiration of one year after the offender's final discharge if convicted of a misdemeanor." In this case, the trial court found that Christen was an "eligible offender" under R.C. 2953.31, and the parties do not challenge that finding.

{¶9} R.C. 2953.36 precludes the sealing of records of certain offenses. Under 2953.36(A)(2), convictions under R.C. Chapter 4511, or a substantially similar municipal ordinance, are ineligible to be sealed "except as otherwise provided in section 2953.61 of the Revised Code." The language of the statute creates an exception to this general prohibition for applications governed by R.C. 2953.61.

{¶10} Because Christen sought to seal both a conviction and nonconvictions, R.C. 2953.61, which governs the sealing of records containing multiple offenses with different dispositions, applies. R.C. 2953.61(B)(1) provides:

When a person is charged with two or more offenses as a result of or in

4

connection with the same act and the final disposition of one, and only one, of the charges is a conviction under any section of Chapter 4507., 4510., 4511., or 4549., other than section 4511.19 or 4511.194 of the Revised Code, or under a municipal ordinance that is substantially similar to any section other than section 4511.19 or 4511.194 of the Revised Code contained in any of those chapters, and if the records pertaining to all the other charges would be eligible for sealing under section 2953.52 of the Revised Code in the absence of that conviction, the court may order that the records pertaining to all the charges be sealed.  In such a case, the court shall not order that only a portion of the records be sealed.

{¶11}  Here, both parties concede that Christen was charged with multiple offenses as a result of the same act and that the disposition of one charge was a conviction of a municipal ordinance that was substantially similar to a conviction under R.C. Chapter 4511.

{¶12}  However, Christen contends that the trial court erred in concluding that the dismissed OVI charge was ineligible for sealing.  She further argues that the reckless-operation conviction was eligible for sealing because R.C. 2953.61(B)(1) creates an exception for a conviction under a municipal ordinance that is substantially similar to a conviction under R.C. Chapter 4511 and allows the court to seal all of the charges.

{¶13}  Notably, the city concedes in its brief that the trial court erred in concluding that the dismissed OVI charge was ineligible for sealing because R.C. 2953.61(B)(1) precludes the sealing of OVI convictions, but not dismissed OVI

charges.

{¶14} However, the city argues that the reckless-operation conviction is ineligible to be sealed because the exception in R.C. 2953.61(B)(1) only allows the trial court to seal nonconvictions that occurred in connection with a single conviction under R.C. Chapter 4511. Essentially, the city interprets the statute to allow the dismissed charges to be sealed while prohibiting the reckless-operation conviction from being sealed. The city's argument disregards the statutory mandate that "the court shall not order that only a portion of the records be sealed" and the language that states "if the records pertaining to all the other charges would be eligible for sealing under section 2953.52 of the Revised Code in the absence of that conviction, the court may order that the records pertaining to all the charges be sealed."

{¶15} Applying the plain language of the statute, if the sole conviction is under any section of R.C. Chapter 4507., 4510., 4511., or 4549 or a substantially similar municipal ordinance, the trial court has the discretion to "order that the records pertaining to all the charges be sealed" provided that the records pertaining to the dismissed charges would be eligible for sealing under R.C. 2953.52. R.C. 2953.61(B)(1).

{¶16} In this case, as the state correctly admits, the dismissed charges are eligible to be sealed under R.C. 2953.52, and we conclude that the trial court erred in determining the dismissed OVI was ineligible for sealing. *See State v. Pankey*, 1st Dist. Hamilton Nos. C-110547 and C-110548, 2012-Ohio-936, ¶ 10-11. Because the sole conviction is substantially similar to a conviction under R.C. Chapter 4511, the trial court had the discretion to seal all of the records. Therefore, the trial court erroneously concluded that the reckless-operation conviction was ineligible to be

sealed.

{¶17} Accordingly, we sustain the assignment of error. Ordinarily, we would remand the matter to the trial court to make the factual findings and balance the interests required by R.C. 2953.32(C). *See id.* at ¶ 12. Here, the trial court already made the findings that she was an eligible offender, no criminal proceedings were pending, and that her interests in having the record sealed outweighed the state's needs to maintain the records. Therefore, we remand the cause for the trial court to seal the records pertaining to all of the charges.

### Conclusion

{¶18} Having sustained Christen's sole assignment of error, we reverse the judgment of the trial court and remand the cause to the trial court to order the records sealed.

Judgment reversed and cause remanded.

**BERGERON** and **BOCK, JJ.,** concur.

Please note:

The court has recorded its own entry this date.