[Cite as *State v. McVean*, 2022-Ohio-2753.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-210459 |
| | | C-210460 |
| Plaintiff-Appellee, | : | TRIAL NOS. C20-TRC-5572A |
| | | C20-TRC-5572B |
| | : | |
| vs. | | |
| | : | *O P I N I O N.* |
| JASON MCVEAN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals From: Hamilton County Municipal Court

Judgments Appealed From Are: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: August 10, 2022

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Suhre & Associates, LLC,* and *Joseph B. Suhre, IV,* for Defendant-Appellant.

**BERGERON, Judge.**

{¶1} After acquittal for an OVI offense but conviction on the accompanying speeding violation, defendant-appellant Jason McVean applied to the trial court for the sealing of both records. The trial court acknowledged that Ohio law allows sealing in this unique set of circumstances, but denied his application nonetheless, even in the absence of any objection from the state. Mr. McVean now appeals, claiming in his sole assignment of error that the trial court abused its discretion by finding that a governmental interest outweighed his interest in having the record sealed. We agree, reverse the judgment of the trial court, and remand this cause with instructions for the trial court to seal the records.

I.

{¶2} In 2020, the state charged Mr. McVean with violating R.C. 4511.19(A)(1)(a) by operating a vehicle while under the influence of alcohol or a drug of abuse ("OVI"), and speeding in violation of R.C. 4511.21(D). After trial, the trial court acquitted Mr. McVean of the OVI offense but found him guilty of speeding. The next year, Mr. McVean applied to seal the records of both the acquittal and the conviction.

{¶3} At the hearing on his motion to seal the records, the trial court noted that speeding convictions are generally not eligible for sealing. Mr. McVean's counsel pointed out that one subsection of the Ohio Revised Code allows for the sealing of speeding convictions when they are charged in connection with an offense for which a defendant is found not guilty. *See State v. Christen*, 1st Dist. Hamilton Nos. C-200158 and C-200159, 2021-Ohio-1647, ¶ 15-16 ("Applying the plain language of the statute, if the sole conviction is under [R.C. Chapter 4511] or a substantially similar municipal

ordinance," the record of a dismissed OVI charge is also eligible for sealing.). Ohio law carves out this narrow exception, according to Mr. McVean's counsel, because of the logistical impossibility of sealing only the OVI acquittal when the OVI and the speeding offense stem from the same ticket.

{¶4} The state agreed, telling the trial court that Mr. McVean's case "fits pretty closely with the plain language" of the statutory exception, a paradigmatic type of case the subsection was intended to cover. The trial court, in response, wondered why Mr. McVean "is going to come out ahead of the person who gets a speeding ticket and not an OVI." Was the state actually "saying that a speeding ticket is eligible for expungement so long as you get charged with an OVI and ultimately found not guilty?" Turns out, it was: "That's the way the statute is written, Your Honor," the prosecutor assured the judge.

{¶5} The state followed up by broadly suggesting that it had an interest in acquittals being on the record to help analyze potential future cases, but that it had no objection to Mr. McVean's eligibility under the statute. The trial court continued the hearing so that it could consider the relevant authorities cited by Mr. McVean. It also invited the assistant prosecutor to file an objection on behalf of the state in the meantime, telling him it was not mandatory but would be appreciated. But the state declined the invitation to file any objection, with only Mr. McVean submitting a supplemental brief in the interim.

{¶6} At the resumed hearing, the state reiterated that it agreed with Mr. McVean's eligibility for sealing in light of the newest case law and echoed its lack of objections. *See Christen*, 1st Dist. Hamilton Nos. C-200158 and C-200159, 2021-Ohio-1647, at ¶ 16 ("Because the sole conviction is substantially similar to a conviction

3

under R.C. Chapter 4511, the trial court had the discretion to seal all of the records."). Despite that, the trial court determined that the state's interest in maintaining the records of the OVI acquittal outweighed Mr. McVean's "certainly legitimate" interest in having both the acquittal and the conviction sealed. This appeal followed.

II.

{¶7} Generally, courts cannot seal records of convictions for speeding that are charged under Chapter 4511 or substantially similar municipal ordinances. *See* R.C. 2953.36(A)(2). An exception exists in scenarios such as Mr. McVean's, where the state charged Mr. McVean with the OVI and the speeding violation on the same ticket and the charges related to the same act. Under R.C. 2953.61(B)(1), a person charged with two offenses connected to the same act but convicted of only one may apply for the sealing of both his records, even when one of the offenses is an otherwise ineligible speeding violation. R.C. 2953.61(B)(1) further directs that the court shall not order that only a portion of the records be sealed. *Christen* at ¶ 14 (The statute "mandate[s] that 'the court shall not order that only a portion of the records be sealed[.]' "), quoting R.C. 2953.61(B)(1). We review a trial court's decision to deny an application to seal records for an abuse of discretion. *State v. Sager*, 2019-Ohio-135, 131 N.E.3d 335, ¶ 9 (1st Dist.).

{¶8} The trial court seemed to resist the outcome of sealing as being unfair to similarly-situated speeders lacking an OVI charge. The statute governing the sealing of records provides that the court shall order all official records in a case sealed if, among other things, the interests of the applicant are not outweighed by any legitimate governmental needs to maintain those records. *See* R.C. 2953.32(C)(2). We see no provision directing the trial court to weigh Mr. McVean's interests against other

hypothetical defendants, and the Ohio Supreme Court has found that the General Assembly intended to place "greater emphasis on the individual's interest in having the records sealed." *State v. Bissantz*, 40 Ohio St.3d 112, 114, 532 N.E.2d 126 (1988).

**{¶9}** It is apparent from this record that no one other than the trial court objected to the sealing of Mr. McVean's records, and it blanched at sealing them because the statute provided a "very curious exception." But "[i]t is not the role of the courts to establish legislative policy or to second-guess policy choices the General Assembly makes." *Kaminski v. Metal & Wire Prods. Co.*, 125 Ohio St.3d 250, 2010-Ohio-1027, 927 N.E.2d 1066, ¶ 61. It makes sense that the legislature might create an exception to prevent defendants found not guilty of an OVI from being saddled with the record only because they drove too fast. The fact that the trial court "ha[s] questions for the legislature" and weighs the fairness of other speeding drivers who lack the option to seal their tickets is, in our mind, an example of a court "exercising its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *See Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35. Or in other words, this strikes us as an abuse of discretion.

**{¶10}** This is especially true where the state expressed no objection to sealing. The state first announced that it had filed no objection because the statute as written allows the sealing. Only after being prodded by the court twice did the state profess some vague interest in having acquittals remain on a defendant's record for purposes of "analyzing potential future cases." At the second hearing, when given one last chance by the trial court to lodge an objection, the state's attorney reiterated the point from the earlier colloquy: "According to the newest caselaw, he would be eligible; *we would not object*." Under the maintenance-of-records standard used here by the trial

5

court, no one would ever qualify for sealing of his records. A possibility always exists that someone, at some point down the road, might want to peek at these records.

{¶11} On appeal, for the first time, the state argues that it had an interest in knowing the number of times a person has been charged with (not just convicted of) an OVI offense to determine whether a plea bargain is appropriate in any given case. Because the state never raised this theory below, we will not consider it on appeal. *See U.S. Bank Natl. Assn. v. Broadnax*, 1st Dist. Hamilton No. C-180650, 2019-Ohio-5212, ¶ 13 (" 'A party who fails to raise an argument in the court below waives his or her right to raise it on appeal.' "), quoting *State ex rel. Zollner v. Indus. Comm.*, 66 Ohio St.3d 276, 278, 611 N.E.2d 830 (1993). The trial court gave the state plenty of time to conjure up a reason for objecting below (and urged it to do so), but the state demurred.

{¶12} The state further conceded that the reason the legislature generally disallows sealing of traffic tickets is because of the interest of the Bureau of Motor Vehicles ("BMV"). But the state acknowledged that it does not represent the BMV in this proceeding and thus it has no interest in, or objection to, the sealing of Mr. McVean's records. The statute requires the court to weigh Mr. McVean's interest "against the legitimate needs, *if any*, of the government to maintain those records[.]" (Emphasis added.) R.C. 2953.32(C)(1)(e). "The General Assembly, therefore, has recognized that, in some cases, the State may have no interest in maintaining an applicant's records." *State v. Wyatt*, 9th Dist. Summit No. 25775, 2011-Ohio-6738, ¶ 12. This is precisely such a case.

{¶13} The state seemed content with sealing for Mr. McVean, but the trial court refused to accept that outcome, going out of its way to divine a justification that even the state didn't seriously advance. And even after the trial court declared that it

found the governmental interest to outweigh Mr. McVean's, the state clarified the incorrectness of that finding. In response to the objection from Mr. McVean's counsel that the state had no interest in "keeping a man that is innocent of a charge saddled with the record of the actual incident itself," the state replied "Your Honor, if I may clarify, that is correct."

{¶14} The trial court acquitted Mr. McVean of the OVI charge. Sealing in such circumstances should be freely granted, and no governmental interest here outweighs Mr. McVean's "interest in clearing his record of a charge *that he was acquitted of.*" (Emphasis sic.) *See State v. Garry*, 173 Ohio App.3d 168, 2007-Ohio-4878, 877 N.E.2d 755, ¶ 6 (1st Dist.). There was no showing of any governmental interest here— much to the contrary, the state voiced no serious objection to the relief sought. On this record, "[t]o deny the sealing of the record in this case, where the government has not expressed or demonstrated any need to maintain it, is unreasonable and thus an abuse of discretion." *Id.* at ¶ 7.

\* \* \*

{¶15} In light of the foregoing analysis, we sustain Mr. McVean's sole assignment of error. We remand this matter to the trial court with instructions to seal the records of Mr. McVean's OVI acquittal and his speeding conviction.

Judgments reversed and cause remanded.

ZAYAS, P. J., concurs.
WINKLER, J., dissents.

WINKLER, J., dissenting.

{¶16} I respectfully dissent. I cannot say the trial judge who presided over McVean's bench trial that resulted in the OVI acquittal and speeding conviction

abused his discretion he when denied McVean's application to seal the records related to those charges.

{¶17} There is no question that McVean was eligible to have the specified records sealed and that the trial court found him eligible. However, McVean, as the applicant to have records sealed, still bore the burden of providing the trial court with information sufficient to demonstrate that his interest in having records sealed was at least equal to any legitimate government interest in maintaining those records. *See State v. Harrison*, 2018-Ohio-1724, 111 N.E.3d 845, ¶ 14 (2d Dist.); *State v. R.S.*, 1st Dist. Hamilton Nos. C-210169, C-210170, C-210171, C-210172 and C-210173, 2022-Ohio-1108, ¶ 26; *State v. Draper*, 10th Dist. Franklin No. 14AP-791, 2015-Ohio-1781, ¶ 10.

{¶18} The trial court is not required to grant the application of those acquitted of a charged offense, notwithstanding the privacy rights of one charged but not convicted of an offense. *See, e.g., Harrison* at ¶ 14; *State v. Grove*, 29 Ohio App.3d 318, 320, 505 N.E.2d 297 (1st Dist.1986). Where the trial court has correctly applied the law, this court will not reverse a decision to deny an application to seal absent a demonstration that the trial court abused its discretion. *See Grove* at 320; *R.S.* at ¶ 7; *State v. Myers*, 2d Dist. Clark No. 2015-CA-88, 2016-Ohio-4893, ¶ 13; *State v. Spicer*, 1st Dist. Hamilton Nos. C-040637 and C-040638, 2005-Ohio-4302, ¶ 7. An abuse of discretion connotes an attitude that is arbitrary, unreasonable or unconscionable. *See, e.g., R.S.* at ¶ 7-8; *Spicer* at ¶ 10.

### No Abuse of Discretion Demonstrated

{¶19} McVean has asserted no more than a general privacy interest in sealing the records. The trial court indicated it weighed that interest against the government's

legitimate need to maintain those records in this case that involved a speeding conviction and an OVI acquittal. We know what government interest the trial court found outweighed McVean's interest, because at the August 13, 2021 hearing, the assistant prosecutor relayed the state's need to access the OVI records when analyzing potential future OVI cases against McVean. At the second hearing, the assistant prosecutor confirmed that the state did not have an eligibility-based objection in accordance with "the newest case law," but she did not back away from the earlier noted position concerning the state's interest. The majority opinion causes confusion because it presents the assistant prosecutor's statements at the second hearing out of context.

{¶20} As recognized by McVean, Ohio places "extreme limitations" on the use of records of sealed cases involving dismissals or not-guilty dispositions, and those limitations would prevent the state from accessing the OVI records for case consideration if McVean was again charged with OVI. *See* R.C. 2953.52(A)(4) and 2953.53(D).

{¶21} Considering this limitation, the state asserted a legitimate government need, as contemplated by R.C. 2953.52(B)(2)(d), that can weigh against sealing the official records in the OVI matter. And in this case, the trial judge who denied McVean's application to seal also presided over McVean's bench trial that resulted in an acquittal on the OVI charge and the speeding conviction. If a transcript of the trial exists, it is not in this record. The trial judge was in the best position to evaluate the state's need to maintain the records and to weigh that need against McVean's general privacy interest in having the records sealed at that time, which was less than six months after McVean's trial. *See Grove*, 29 Ohio App.3d at 320, 505 N.E.2d 297.

9

**{¶22}** Applying, and mindful of, the appropriate standard of review, I am unable to second guess the trial court's wisdom in denying the application to seal because there has been no demonstration that the trial court's decision was arbitrary, unreasonable, or unconscionable. Accordingly, I would affirm.

Please note:

The court has recorded its entry on the date of the release of this opinion.