OPINION
{¶ 1} Deontay Brown pled guilty in the Montgomery County Court of Common Pleas to possession of cocaine in an amount less than one hundred grams but greater than twenty-five grams. He was sentenced to four years of imprisonment. Brown appeals from his conviction and sentence.
 {¶ 2} In July 2004, Brown was indicted for possession of cocaine in an amount less than one hundred grams but greater than twenty-five grams, in violation of R.C. 2925.11(A). In September 2004, Brown filed a motion to suppress, which was overruled. His trial was scheduled for March 3, 2005. On March 2, 2005, Brown sought the removal of his court-appointed attorney so that he could be represented by an attorney that he had hired, and he sought a continuance of the trial date to accommodate this change. The reason offered by Brown for the removal of his court-appointed attorney was that the attorney had expressed a lack of confidence about the outcome of the case. The trial court denied the request for a continuance, citing the state's readiness to proceed, including the fact that its witnesses had already been subpoenaed, and the lengthy continuance that would be required due to the court's crowded trial docket. The court did allow, however, that if Brown's hired attorney wanted to represent him at trial the next day, he could do so.
 {¶ 3} On March 3, 2005, Brown pled guilty to the charge in the indictment. Prior to his plea, the court had informed Brown that it would not be inclined to impose the minimum three-year sentence because he had been on supervision when the offense was committed. The court indicated that it would impose a sentence of four years. However, the court referred the matter for a presentence investigation. On April 5, 2005, the court imposed a four-year mandatory term of incarceration.
 {¶ 4} Brown raises two assignments of error on appeal.
 {¶ 5} I. "THE TRIAL COURT VIOLATED THE DEFENDANT'S RIGHT TO HIRE COUNSEL OF HIS CHOICE IN VIOLATION OF THE UNITED STATES SIXTH AMENDMENT AND ABUSED ITS AUTHORITY BY REJECTING A BRIEF CONTINUANCE TO ALLOW PRIVATE COUNSEL AN OPPORTUNITY TO PREPARE THE CASE FOR TRIAL."
 {¶ 6} Brown claims that the trial court abused it discretion in refusing to grant him a short continuance so that he could be represented by an attorney of his choice, as was his right.
 {¶ 7} "The grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion." State v. Unger
(1981), 67 Ohio St.2d 65, 67, 423 N.E.2d 1078. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. State v. Adams (1980),62 Ohio St.2d 151, 157, 404 N.E.2d 144.
 {¶ 8} Whether the trial court abused its discretion by denying a requested continuance depends upon the reasons offered for the requested continuance. State v. Powell (1990),49 Ohio St.3d 255, 259, 552 N.E.2d 191. The potential prejudice to the defendant must be weighed against "a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." Unger, 67 Ohio St.2d at 67. Relevant factors include the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel, and the court; whether the requested delay is for legitimate reasons or dilatory, purposeful, or contrived; and whether the defendant contributed to the circumstance which gives rise to the request. Id. at 67-68.
 {¶ 9} In our view, the trial court did not abuse its discretion in denying Brown's request for a continuance. Brown's trial date had been set for several months, yet he did not seek to obtain new counsel until the day before trial. By that time, the prosecutor had prepared for trial and had subpoenaed witnesses. These efforts, as well as the effort required by the witnesses to appear for trial the next day, would have been wasted if a continuance had been granted. Further, although Brown emphasizes in his brief that he sought only a brief continuance, the trial court's comments about its docket indicated that, due to other pressing matters, the court would have been unable to reschedule Brown's trial for several months. Under these circumstances, the court's reluctance to grant a continuance was not arbitrary, unconscionable, or unreasonable.
 {¶ 10} The first assignment of error is overruled.
 {¶ 11} II. "THE TRIAL COURT ERRED IN NOT ADHERING TO ORC2929.11 AND 2929.12, 2929.14 AND BLAKELY AND ITS PROGENY IN PRONOUNCING ITS SENTENCE WHICH WAS GREATER THEN [SIC] THE MINIMUM MANDATORY SENTENCE."
 {¶ 12} Brown claims that the trial court did not make the required statutory findings for the imposition of a sentence that was greater than the minimum allowable sentence, citing R.C.2929.14(B). Specifically, Brown claims that the trial court was required to, but did not, make findings that a minimum sentence would not adequately protect the public from harm or would demean the seriousness of the offense. The state contends that the findings in question were unnecessary if Brown had previously served a prison term, citing R.C. 2929.14(B)(1). It claims that, because the record is silent as to whether Brown had previously served a prison term, we should "presume the validity of the lower court's proceedings, and affirm Defendant's sentence."
 {¶ 13} The presentence investigation report indicates that Brown had two prior felony convictions but that he had not previously served a prison term. As such, R.C. 2929.14(B) required the trial court to make specific findings prior to imposing a sentence greater than the shortest authorized prison term. Recently, however, the Supreme Court of Ohio held that parts of Ohio's felony sentencing scheme are unconstitutional.State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856. The unconstitutional provisions include R.C. 2929.14(B). Following the United States Supreme Court's decisions in Apprendi v. NewJersey (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, and Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, the supreme court held in Foster that R.C.2929.14(B) is unconstitutional because it "require[s] judicial factfinding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant." Foster at ¶ 83. The supreme court severed the provisions that it found to be unconstitutional, including R.C.2929.14(B). Id. at ¶ 97, ¶ 99. In light of this holding, trial courts now have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or to give their reasons for imposing non-minimum sentences on an offender who has never served a prison term. Id.;State v. Mathis, ___ Ohio St.3d ___, 2006-Ohio-855, ¶ 26.
 {¶ 14} Although the trial court did not make the findings required by R.C. 2929.14(B) on the record, we presume that it did consider these criteria in sentencing Brown. The supreme court indicated that its holding in Foster should be applied to all "cases * * * pending on direct review" and that pending cases in which the severed provisions are implicated should be remanded for resentencing. Foster at ¶ 104. As such, we must remand Brown's case for a new sentencing hearing. Foster at ¶ 104-105. At the sentencing hearing, the trial court "shall consider those portions of the sentencing code that are unaffected by [Foster] and impose any sentence within the appropriate felony range." While Brown may argue for a reduction in his sentence, nothing prevents the trial court from imposing the same sentence on remand.
 {¶ 15} The second assignment of error is sustained.
 {¶ 16} We will reverse Brown's sentence and remand this case to the trial court for resentencing. The trial court's judgment is affirmed in all other respects.
Grady, P.J. and Donovan, J., concur.