The STATE of Ohio, Appellee,

v.

CREWS, Appellant.

[Cite as *State v. Crews,* 179 Ohio App.3d 521, 2008-Ohio-6230.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22504.

Decided Nov. 26, 2008.

---

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Johnna M. Shia, Assistant Prosecuting Attorney, for appellee.

Gregory J. Corbin, for appellant.

FAIN, Judge.

{¶ 1} Simeon Crews appeals from an order denying his application to expunge the record of his having been charged with, and acquitted of, multiple felony counts. Crews contends that he received inadequate notice of the hearing on his application and that it was, in any event, unreasonable to deny his application in view of the fact that the state did not offer any reason why it should be denied.

{¶ 2} We agree with Crews that he received inadequate notice of the hearing, in violation of his right to due process. We conclude that it is premature to determine whether his application should have been granted. Accordingly, the

order of the trial court denying Crews's application for expungement is reversed, and this cause is remanded for further proceedings consistent with this opinion.

## I

{¶ 3} In 1995, Crews was charged in a 27–count indictment with multiple felony sex offenses involving the same minor, and one count of child abuse. He went to trial, and was acquitted on all counts in early 1997.

{¶ 4} In May, 2007, ten years later, Crews filed an "Application for Sealing of Record After Not Guilty Finding, Dismissal of Proceedings or No True Bill O.R.C. 2953.52(A)." Following a hearing on Wednesday, October 17, 2007, at which Crews did not appear, the trial court denied his application, stating the following reason: "There appears to be a governmental need to maintain this record due to the nature of the offenses and the history of violence toward several family members."

{¶ 5} From the order denying his application, Crews appeals.

## II

{¶ 6} As a preliminary matter, we remind Crews's appellate counsel that App.R. 19(A) requires that appellate briefs must be double-spaced. We do not require that Crews's briefs be reformatted, but for future reference ask that this requirement be observed, in the interest of preserving the eyesight of the judges of this court.

## III

{¶ 7} Crews's second assignment of error is as follows:

{¶ 8} "The court erred in overruling appellant's request for expungement of his criminal charge and indictment without providing appellant with reasonable notice and opportunity to be heard in violation of Due Process Clauses of the federal and state constitutions."

{¶ 9} Due process of law, as guaranteed both by Section 1 of the Fourteenth Amendment to the United States Constitution and by Article I, Section 16 of the Ohio Constitution, encompasses, at a minimum, notice and an opportunity to be heard. See *State v. Edwards* (1952), 157 Ohio St. 175, 178, 47 O.O. 122, 105 N.E.2d 259. In our record in this appeal is a copy of the envelope containing notice of the October 17 hearing, scheduled for 10:00 in the morning, that was mailed to Crews on Friday, October 12, 2007. That copy clearly reflects a postmark dated October 12, despite the fact that the notice itself is dated Wednesday, October 10, 2007.

{¶ 10} The notice was mailed from Dayton, Ohio, to Crews's residence in Jacksonville, Florida. Also in our record on appeal is Crews's affidavit in which he avers that he did not receive the notice until he got home from work on the afternoon of Tuesday, October 16, only to discover that the hearing on his application had been scheduled for 10:00 the following morning in Dayton, Ohio. This unrebutted averment that the notice postmarked on Friday arrived in the mail the following Tuesday seems plausible in view of our familiarity with the workings of the United States postal system.

{¶ 11} In his unrebutted affidavit, Crews further avers that he contacted a person identified to him as the trial court's bailiff, to whom he explained that he lived in Florida, that he could not get to Dayton on a few hours' notice, and from whom he requested a continuance and notice with more time to comply.

{¶ 12} The entire transcript of the hearing is as follows:

{¶ 13} "UNIDENTIFIED SPEAKER: Also on page ten for sealing of record, Simeon Crews, 94 CR 2527. This is also pro se.

{¶ 14} "THE COURT: Mr. Crews apparently called. He's in Florida. The recommendation is to deny the sealing, and I am complying—am going along with the recommendation.

{¶ 15} "(Thereupon, the proceedings were concluded.)"

{¶ 16} The notice sent to Crews from Dayton, Ohio, on Friday, October 12, to his home in Jacksonville, Florida, of a hearing on his application on the morning of Wednesday, October 17, 2007, was not reasonably calculated to allow Crews a meaningful opportunity to be heard on his application. Crews's second assignment of error is sustained.

IV

{¶ 17} Crews's first assignment of error is as follows:

■ {¶ 18} "It is in error for the court to fail or refuse to expunge a record of criminal complaint when the movant was found not guilty of the under-lying charge for which movant is seeking expungement, when the defendant has substantially complied with the mandates of Ohio Revised Code section 2953.52(b)(3) and when the state has no legitimate need to maintain the record and when the defendant's interest in clearing his record clearly outweighs the state's interest in maintaining the record."

{¶ 19} The trial court, in deciding the application, had nothing from Crews, because of the inadequate notice Crews had of the hearing, and it had nothing from the state, because the state did not oppose the application. Crews's argument in support of this assignment of error essentially argues that because

the state failed to present any basis to oppose his application, the trial court should have granted it, even upon the attenuated record before the trial court.

{¶ 20} We reject Crews's argument that the state had a burden that it failed to carry with respect to Crews's application. The statute provides: "The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons he believes justify a denial of the application." R.C. 2953.52(B)(1). The statute imposes certain duties upon the trial court with respect to its consideration of an application for sealing records after a not guilty finding:

{¶ 21} "(2) The court shall do each of the following:

{¶ 22} "(a) * * *;

{¶ 23} "(b) * * *;

{¶ 24} "(c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

{¶ 25} "(d) Weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records."

{¶ 26} Significantly, while the duty imposed upon the trial court in subdivision (B)(2)(c) of the statute is conditioned upon the prosecutor's having filed an objection to the application, the duty imposed in subdivision (B)(2)(d) is not. We conclude, therefore, that the working of a default against the state by virtue of its having elected not to oppose an application is contrary to the scheme set forth in the statute. The trial court must still weigh the interests of the applicant against the legitimate needs, if any, of the government to maintain the records.

{¶ 27} We note that the trial court failed to perform the weighing that it was required to do by R.C. 2953.52(B)(2)(d). The trial court simply found: "There appears to be a governmental need to maintain this record due to the nature of the offenses and history of violence toward several family members." It did not weigh that need, assuming it to be legitimate, against Crews's interest in having the official records sealed.

{¶ 28} In view of the paucity of the record, and the fact that the trial court did not, in the first instance, exercise the discretion required by the statute, we decline to exercise that discretion, ourselves, in the first instance. The first assignment of error is sustained in part, but only in part. We conclude that the trial court failed to exercise the discretion as required by the statute. Upon remand, the trial court should, after first, of course, giving Crews adequate notice

of the hearing upon his application, and a chance to be heard, perform the weighing required by R.C. 2953.52(B)(2)(d). Since the prosecutor has declined to oppose the application, it would be helpful to any appellate review, should that become necessary, if the trial court would identify the nature and the basis of the needs of the government in maintaining the record of the charges upon which Crews was acquitted; i.e., why would the government need to maintain this information upon its records?

## V

{¶ 29} Crews's second assignment of error having been sustained, and his first assignment of error having been sustained in part, the order of the trial court denying Crews's application for the sealing of the official records after the not-guilty finding in his case is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Judgment reversed<br/>and cause remanded.

GRADY and DONOVAN, JJ., concur.