OPINION
{¶ 1} Frank Davis appeals from a judgment of the Clark County Court of Common Pleas, which overruled his motion to seal the record in Case No. 98-CR-681.
 {¶ 2} Because the trial court applied an improper standard in denying Davis's motion, the judgment will be reversed, and this matter will be remanded for the trial court to render a *Page 2 
decision based on the appropriate legal standard.
 I {¶ 3} The procedural history of this case is lengthy and includes three prior reversals by this court. State v. Davis, Clark App. No. 2003-CA-87, 2004-Ohio-5979 ("Davis I"); State v. Davis, Clark App. No. 2005-CA-43, 2006-Ohio-1593 ("Davis II") and State v. Davis, Clark App. No. 07-CA-100, 2008-Ohio-753 ("Davis III"). We will summarize this history as briefly as possible for purposes of this appeal, and we rely on our previous opinions for more thorough recitations of the facts and procedural history.
 {¶ 4} In 1998, Davis was indicted on several counts of possession of and trafficking in cocaine. He pled no contest to and was convicted on the most serious count, and the others were dismissed. In 2003, Davis moved to withdraw his plea on the basis that he had not understood, at the time of his plea, that he was ineligible for judicial release. The trial court denied the motion to withdraw the plea but, on appeal, we reversed and remanded, instructing the trial court to determine whether Davis would have entered his no contest plea if he had known that he would be ineligible for judicial release. Davis I. On remand, the trial court granted the motion to withdraw the plea.
 {¶ 5} After he was permitted to withdraw his plea, Davis filed a motion to suppress evidence. He argued that the affidavit in support of the search warrant that led to his arrest was insufficient, on its face, to support a finding of probable cause. The trial court overruled the motion to suppress. Davis again pled no contest to several drug offenses and was convicted. Davis appealed, challenging the denial of the motion to suppress. We agreed that the affidavit was insufficient to establish probable cause, and we reversed and remanded for further *Page 3 
proceedings. Davis II. On remand, the trial court dismissed the indictment.
 {¶ 6} In March 2007, Davis applied to seal the records related to the drug charges. Davis asserted that he was in the process of moving out of state and that "the criminal records in this case may be an impediment to employment." Although the state filed no objection to the motion, the trial court overruled the motion summarily, without conducting a hearing. Davis appealed, and we reversed, finding that R.C. 2953.52(B) required a hearing on such a motion. Davis III
 {¶ 7} On July 25, 2008, the trial court held a hearing on the motion to seal Davis's records. On July 30, 2008, the court overruled the motion. Davis raises one assignment of error on appeal.
 II {¶ 8} Davis's assignment of error states:
 {¶ 9} "THE TRIAL COURT ERRED IN FAILING TO GRANT THE SEALING OF APPELLANT'S RECORDS PURSUANT TO R.C. 2953.52."
 {¶ 10} Davis's motion to seal was filed in accordance with R.C. 2953.52, which provides:
 {¶ 11} "(A)(1) Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal his official records in the case. * * *
 {¶ 12} "* * *
 {¶ 13} "(B)(1) Upon the filing of an application pursuant to division (A) of this section, the court shall set a date for a hearing and shall notify the prosecutor in the case of the hearing *Page 4 
on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons he believes justify a denial of the application.
 {¶ 14} "(2) The court shall do each of the following:
 {¶ 15} "(a) Determine whether the person was found not guilty in the case, or the complaint, indictment, or information in the case was dismissed, * * *.
 {¶ 16} "(b) Determine whether criminal proceedings are pending against the person;
 {¶ 17} "(c) If the prosecutor has filed an objection in accordance with division (B)(1) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;
 {¶ 18} "(d) Weigh the interests of the person in having the official records pertaining to the case sealed against the legitimate needs, if any, of the government to maintain those records.
 {¶ 19} "(3) If the court determines, after complying with division (B)(2) of this section, that the person was found not guilty in the case, that the complaint, indictment, or information in the case was dismissed, * * *; that no criminal proceedings are pending against the person; and the interests of the person in having the records pertaining to the case sealed are not outweighed by any legitimate governmental needs to maintain such records, * * * the court shall issue an order directing that all official records pertaining to the case be sealed and that * * * the proceedings in the case be deemed not to have occurred."
 {¶ 20} It is undisputed that the charges against Davis were dismissed, that there were no other proceedings pending against him, and that the prosecutor did not object to the sealing of the record. *Page 5 
 {¶ 21} The trial court did not weigh Davis's interest in having the records sealed against any legitimate governmental need to maintain those records, as required by R.C. 2953.52.[1] Instead, the trial court invoked a provision from a different statute, R.C. 2953.32, which applies to the expungement of a first offender's conviction. The trial court reasoned that Davis was ineligible to have his record sealed because, according to his testimony at the hearing, he was not a first offender.
 {¶ 22} The trial court clearly erred in applying R.C. 2953.32 to Davis's case since Davis had not been convicted of any offense in this case. The state acknowledges this error.
 {¶ 23} The state contends that we should nonetheless affirm the trial court's judgment because Davis did not file the transcript of the hearing on his motion to seal. The state contends that, in the absence of the transcript, we should presume that Davis failed to establish that his need to seal the record outweighed the state's interest in maintaining the record.
 {¶ 24} If the trial court had applied the proper legal standard and Davis's argument were based on the trial court's weighing of the parties' interests, we would agree with the state that, in the absence of the transcript, the trial court was entitled to the presumption that its decision was supported by the record. However, when the trial court applied the wrong legal standard, we can neither presume the correctness of its findings nor fault Davis for failing to order a transcript. We must reverse on the basis of the legal error.
 {¶ 25} The assignment of error is sustained. *Page 6 
 III {¶ 26} The trial court's judgment denying the motion to seal will be reversed, and the matter will be remanded for further proceedings.
FAIN, J. and GRADY, J., concur.
Copies mailed to:
Amy M. Smith, George A. Katchmer, Hon. Douglas M. Rastatter.
[1] We note that the state's failure to oppose the motion to seal is not dispositive. The trial court must still weigh the interests of the applicant against the legitimate needs, if any, of the government to maintain the records. State v. Crews, Montgomery App. No. 22504,2008-Ohio-6230, at ¶ 26. *Page 1