[Cite as *State v. Pankey*, 2012-Ohio-936.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-110547 |
| | | C-110548 |
| Plaintiff-Appellee, | : | TRIAL NOS. 06-TRD-17918 |
| | | C-07TRD-43688 |
| vs. | : | |
| CHANELL PANKEY, | : | *O P I N I O N.* |
| Defendant-Appellant, | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgments Appealed From Are:  Reversed and Causes Remanded

Date of Judgment Entry on Appeal:  March 9, 2012

*John P. Curp*, City Solicitor, *Charlie Rubenstein*, City Prosecutor, and *Jennifer Bishop*, Assistant City Prosecutor, for Plaintiff-Appellee,

*Ohio Justice & Policy Center*, *Marguerite Slagle*, and *Devon N. R. Oser*, for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1}    Defendant-appellant Chanell Pankey applied to the Hamilton County Municipal Court to seal her official records in the cases numbered 06-TRD-17918 and C-07TRD-43688 A/B.   In the 2006 case, Pankey was cited for operating a vehicle without authorized license plates, a violation of Cincinnati Municipal Code 503-52.  She was later found not guilty.   In the 2007 case, Pankey was cited for speeding and operating a vehicle under a suspended driver's license, violations of R.C. 4511.21 and R.C. 4510.11 respectively.  Those citations were later dismissed.

{¶2}    The trial court denied Pankey's applications to seal these records.  At a hearing on the matter, the court reasoned that R.C. 2953.36 "was clearly intended to exclude all routine traffic offenders" from securing sealed records.  T.p. 12.  Pankey now appeals, arguing in a single assignment of error that R.C. 2953.36 does not preclude the sealing of her records in these cases.  We agree.

### Standard of Review

{¶3}    Generally, we will not disturb a trial court's decision to grant or deny an application to seal records under R.C. 2953.32 or R.C. 2953.52 absent an abuse of discretion.  *State v. Spohr*, 1st Dist. No. C-110314, 2012-Ohio-556, ¶ 5.  However, where the trial court's decision was based on "an erroneous interpretation or application of the law," as Pankey claims, we review the matter de novo.  *State v. Hillman*, 10th Dist. Nos. 09AP-478, 09AP-479 and 09AP-480, 2010-Ohio-256, ¶ 11, citing *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6-7.

2

***Analysis***

{¶4}  "The processes for expungement of convictions and sealing of records after an acquittal or dismissal are governed by R.C. 2953.31 et seq. and R.C. 2953.51 et seq., respectively." *Spohr* at ¶ 6.

{¶5}  R.C. 2953.32(A)(1) provides that

> Except as provided in section 2953.61 of the Revised Code, a first offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the conviction record. Application may be made at the expiration of three years after the offender's final discharge if convicted of a felony, or at the expiration of one year after the offender's final discharge if convicted of a misdemeanor.

{¶6}  A "first offender" is defined as "anyone who has been convicted of an offense in this state or any other jurisdiction and who previously or subsequently has not been convicted of the same or a different offense in this state or any other jurisdiction." R.C. 2953.31(A).

{¶7}  Similarly, R.C. 2953.52(A)(1) provides that

> Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal his official records in the case. Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time

after the finding of not guilty or the dismissal of the complaint, indictment, or information is entered upon the minutes of the court or the journal, whichever entry occurs first.

{¶8} There is no dispute that Pankey was found not guilty in the 2006 case and that her citations were dismissed in the 2007 case. Thus, her applications are governed by R.C. 2953.52, not R.C. 2953.32. *See State v. LaSalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, 772 N.E.2d 1172, ¶ 3, fn. 2 (whether R.C. 2953.32 or R.C. 2953.52 was applicable depended on the disposition of the underlying case).

{¶9} Nevertheless, the trial court determined that R.C. 2953.36 barred the sealing of Pankey's records because she was cited for traffic violations. R.C. 2953.36 provides that

Sections 2953.31 to R.C. 2953.35 of the Revised Code do not apply to any of the following * * *

(B) Convictions under section 2907.02, 2907.03, 2907.04, 2907.05, 2907.06, 2907.321, 2907.322, or 2907.323, former section 2907.12, or Chapter 4507., 4510., 4511., or 4549. of the Revised Code, or a conviction for a violation of a municipal ordinance that is substantially similar to any section contained in any of those chapters * * * .

{¶10} By its plain language, R.C. 2953.36 limits only R.C. 2953.31 through R.C. 2953.35. The statute does not bar applications to seal records that are governed by R.C. 2953.52. *But see Spohr* at ¶ 11 (discussing the interplay among R.C. 2953.32, R.C. 2953.52, and R.C. 2953.61).

{¶11}   For support, the trial court relied on *Cincinnati v. Bregger*, 1st Dist. No. C-780372, 1979 Ohio App. LEXIS 10057 (Apr. 4, 1979).   That reliance was misplaced, however, because the *Bregger* court merely held that an earlier version of R.C. 2953.36 precluded the expungement of traffic convictions.   Although Pankey was accused of violating statutes referenced in R.C. 2953.36, she was never convicted of those offenses. Accordingly, we sustain her single assignment of error.

{¶12}   We note, however, that this holding does not resolve the issue of whether Pankey's applications should be granted or denied.   Although we have concluded that she was found not guilty in the 2006 case and that her citations were dismissed in the 2007 case, the trial court must still (1) determine whether criminal proceedings are pending against her; (2) consider the reasons against granting the application specified by the prosecutor; and (3) weigh Pankey's interest in having her records sealed against the legitimate needs, if any, of the government to maintain those records.   R.C. 2953.52(B)(2).   Because this requires additional fact finding, and a balancing of interests that R.C. 2953.52(B)(3) commits to the trial court's discretion, we shall not decide the merits of Pankey's applications at this juncture.   *See State v. Crews*, 179 Ohio App.3d 521, 2008-Ohio-6230, 902 N.E.2d 566, ¶ 28 (10th Dist.).

{¶13}   We, therefore, reverse the judgments of the trial court denying Pankey's applications to seal her records, and remand these causes for further proceedings consistent with this opinion and the law.

Judgments reversed and causes remanded.

**HILDEBRANDT, P.J.,** and **HENDON, J.,** concur.

Please note:
The court has recorded its own entry this date.